IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 25-cv-03660-PAB

ISSAM MOHAMAD TAMAYZA FADWA,

    Petitioner,

v.

TODD M. LYONS, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement,
ROBERT HAGAN, Field Director of the Denver Field Office, and
JUAN BALTAZAR,[1] Warden, Denver Contract Detention Facility,

    Respondents.

---

## ORDER

---

This matter comes before the Court on petitioner's Emergency Motion to Enforce or Alternative Motion to Amend Judgment Under Fed. R. Civ. P. 59(e) [Docket No. 16].

On November 13, 2025, petitioner Issam Mohamad Tamayza Fadwa filed a petition for writ of habeas corpus. Docket No. 1. Petitioner is Palestinian. *Id*. at 9, ¶ 31. Petitioner was being detained by Immigrations and Customs Enforcement ("ICE") after entering the United States without inspection. *Id.* at 1, ¶ 1. The Department of Homeland Security ("DHS") served petitioner with a Notice and Order of Expedited Removal on October 17, 2024. *Id.* at 9, ¶ 33. At the time the habeas petition was filed, petitioner's order of removal had been final for approximately nine months. *Id.*, ¶¶ 34-

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Juan Baltazar is automatically substituted as a party in this action.

36. Petitioner was detained during that time. *Id.*, ¶ 36. In his habeas petition, petitioner claimed that his detention violated *Zadvydas v. Davis*, 533 U.S. 678 (2001), because his removal was not substantially likely in the reasonably foreseeable future. *Id.* at 12, ¶¶ 50-53.[2]

In *Zadvydas*, the Supreme Court held that it is presumptively reasonable for the government to detain noncitizens for six months in order to effectuate removal. 533 U.S. at 701. After six months, the noncitizen challenging detention bears the initial burden to "provide[ ] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* Once he does so, "the Government must respond with evidence sufficient to rebut that showing." *Id.* If the government meets its burden, continued detention is permitted; however, if the government fails to demonstrate a significant likelihood of removal in the reasonably foreseeable future, the noncitizen must be released. *Id.*

On December 9, 2025, the Court ruled on the habeas petition. Docket No. 12. The Court held that petitioner met his initial burden and that respondents failed to provide evidence showing that there was a significant likelihood of removal in the reasonably foreseeable future. *Id.* at 12-15. Accordingly, the Court granted the habeas petition and ordered that petitioner be released from custody. *Id.* at 18.

On January 14, 2026, petitioner filed a motion to enforce or, alternatively, to amend the judgment. Docket No. 16. Petitioner claimed that ICE re-detained him after petitioner went to a scheduled check-in. *Id.* at 1. Petitioner asserts that this detention

---

[2] Petitioner also brought due process claims, but the Court did not address them because it granted habeas relief on the *Zadvydas* claim. Docket No. 12 at 8.

violates the Court's December 9, 2025 order because there is no evidence of changed circumstances or a likelihood of removal in the reasonably foreseeable future.  *Id.* at 2-3.  Thus, petitioner requests that the Court enforce its December 9, 2025 order or, alternatively, amend the December 9, 2025 order to explicitly state that respondents cannot re-detain petitioner unless they establish a significant likelihood of removal in the reasonably foreseeable future.  *Id.*

On January 20, 2026, respondents filed a response, stating that they were able to secure petitioner's transportation to the Palestinian territories.  Docket No. 18 at 7.  Thus, respondents argued that petitioner's removal was imminent, making his detention lawful.  *Id.*  Later that day, on January 20, 2026, respondents filed a status report, informing the Court that petitioner was enroute to Israel and would be transported to the Palestinian Territories for removal upon arrival.  Docket No. 19.  On January 27, 2026, respondents filed another status report, informing the Court that, as of January 23, 2026, petitioner was removed to the West Bank and is no longer in ICE custody.  Docket No. 21.

Accordingly, ICE permissibly re-detained petitioner because there was a significant likelihood of removal in the reasonably foreseeable future, as evidenced by petitioner's removal to the West Bank.

Therefore, it is

**ORDERED** that the Emergency Motion to Enforce or Alternative Motion to Amend Judgment Under Fed. R. Civ. P. 59(e) [Docket No. 16] is **DENIED**.

DATED January 28, 2026.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge